IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| THOMAS L. YOUNG, # A-66460, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-775-MJR |
| | ) | |
| STATE of ILLINOIS, | ) | |
| OFFICER HUFFMAN, | ) | |
| OFFICER HUNTER, | ) | |
| OFFICER HARJU, | ) | |
| and OFFICER SMILIE, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Sheridan Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was a prisoner at the Jackson County Jail ("the Jail"). Plaintiff sues a sheriff's deputy who assaulted him, and includes other county officers who witnessed the attack. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims against some of the Defendants survive threshold review under § 1915A.

**The Complaint**

Plaintiff states that he was incarcerated at the Jail for 3 months. On February 27, 2017, he was convicted of unlawful use of a debit card, and was sentenced to 3 years in the Department of Corrections. (Doc. 1, p. 5). Earlier during Plaintiff's detention, Officer Huffman informed Plaintiff that the debit card involved in Plaintiff's case belonged to his mother, and Huffman would make sure Plaintiff went to prison. Huffman harassed Plaintiff during his 3 months in the

Jail.

On March 8, 2017, Plaintiff was handcuffed and shackled in preparation for his transfer to Menard Correctional Center ("Menard") along with 2 other convicts. (Doc. 1, p. 5). Huffman started an argument with Plaintiff, saying that he "hope[d] that [Plaintiff] do[es] every day of [his] sentence." *Id.* Plaintiff responded that the only thing he regrets was that it wasn't Huffman's card. Huffman then began to beat Plaintiff on the side of his head and in his face. Plaintiff was unable to protect himself because his hands were cuffed to his waist. *Id.*

Officer Hunter and a coworker saw Huffman beating Plaintiff but did nothing to stop the attack. Hunter's only comment was, "Oh shit! The camera's on." *Id.* On another page of the Complaint, in Plaintiff's list of the parties, he states that Officer Harju witnessed the assault. (Doc. 1, p. 2).

After Plaintiff arrived at Menard, he saw a doctor and had x-rays to document that his injures did not occur at Menard. (Doc. 1, p. 5). Plaintiff was told that no bones were broken, but his eye was injured and he still has trouble with it.

Plaintiff also names the State of Illinois as a Defendant (Doc. 1, p. 1), and lists Officer Smilie as another party (Doc. 1, p. 2). Regarding Officer Smilie, Plaintiff states that "he is a witness in that he saw the damage to my face and was told what happen[ed]." (Doc. 1, p. 2).

Plaintiff seeks monetary relief for the violation of his rights. (Doc. 1, p. 6).

### Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that

is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Excessive force claim against Defendant Huffman, for physically attacking Plaintiff on March 8, 2017;
>
> **Count 2:** Excessive force claim against Defendants Hunter, Harju, and Smilie, for taking no action to stop the attack described in Count 1.

Both of the above counts shall proceed for further consideration, but 2 of the Defendants shall be dismissed.

### Count 1 – Excessive Force – Huffman

Plaintiff was a pretrial detainee during most of his incarceration at the Jail. However, he states that by the time Huffman attacked him on March 8, 2017, Plaintiff had been convicted of a felony and was on his way to prison to serve his sentence. As such, Plaintiff was a convicted prisoner at the time his claims arose, and the Eighth Amendment applies to his claims.

The intentional use of excessive force by a guard against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here, Plaintiff alleges that after his verbal exchange with Huffman over the debit card sentence, Huffman physically attacked Plaintiff, beating him in the head and face. At the time, Plaintiff was in handcuffs and shackles and could not block the blows. The fact that Plaintiff was shackled also strongly suggests that Plaintiff was not offering resistance or otherwise presenting a situation that called for any use of force. Huffman's use of force, under the circumstances described by Plaintiff, appears to have been excessive and not part of any good-faith effort to maintain discipline. Plaintiff may therefore proceed with his Eighth Amendment claim against Huffman in **Count 1**.

### Count 2 – Excessive Force – Witnesses

An officer who stands by and watches while another official assaults a prisoner may be equally liable to the prisoner due to the failure to intervene. The Seventh Circuit has examined this issue as it pertains to police officers who fail to intervene when a fellow officer exceeds his authority, stating:

> We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge. That responsibility obviously obtains when the nonfeasor is a supervisory officer to whose direction misfeasor officers are committed. So, too, the same responsibility must exist as to nonsupervisory officers who are present at the scene of such summary punishment, for to hold otherwise would be to insulate nonsupervisory officers from liability for reasonably foreseeable consequences of the neglect of their duty to enforce the laws and preserve the peace.

*Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F.2d 480, 491 (7th Cir. 1987).

Applying this standard to the officers who witnessed Huffman's alleged attack on Plaintiff, the Complaint states that Hunter "and her coworker" saw the beating as it happened.

(Doc. 1, p. 5). Hunter did nothing but remark that the camera was on. The coworker also took no steps to intervene. Although Plaintiff does not mention Officer Harju in the statement of claim on Page 5 of the Complaint, he states on Page 2 that Harju witnessed the assault. (Doc. 1, p. 2). The Court shall therefore assume that Harju was the "coworker" who witnessed the assault along with Hunter. Based on these allegations, Plaintiff has stated a viable Eighth Amendment claim against both Hunter and Harju that survives review under § 1915A.

Officer Smilie, however, "saw the damage to [Plaintiff's] face and was told what happen[ed], according to the Complaint. (Doc. 1, p. 2). This statement indicates that Smilie was not present during the attack, but only learned what happened after somebody told him how Plaintiff was injured. As such, Smilie would not have been in a position to intervene at the time Huffman hit Plaintiff, and there is no basis for liability under the Eighth Amendment standard set forth above. Smilie shall therefore be dismissed from the action.

**Count 2** shall proceed only against Hunter and Harju.

### Dismissal of Defendant State of Illinois

Plaintiff lists the State of Illinois as a Defendant in the caption of his Complaint, but does not mention the State of Illinois elsewhere in the document. As such, he fails to state a claim upon which relief may be granted against the State. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual or entity. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Even if Plaintiff had included some allegations against the State of Illinois, he cannot maintain a suit against the state or any of its agencies. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v.*

6

*Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Plaintiff seeks only money damages as relief in this action, and this remedy is not available against the State. The State of Illinois shall therefore be dismissed as a party to this action.

## Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **TERMINATED AS MOOT**. No such motion is necessary for a Plaintiff who has been granted leave to proceed *in forma pauperis* ("IFP"). The Court shall order service on all defendants who remain in the action following threshold review under § 1915A. 28 U.S.C. § 1915(d).

## Disposition

Defendant **STATE of ILLINOIS** is **DISMISSED** from this action with prejudice. Defendant **SMILIE** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **HUFFMAN, HUNTER,** and **HARJU**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: September 19, 2017**

s/ MICHAEL J. REAGAN  
Chief Judge  
United States District Court
